UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DARRYL FAUVER#50763 | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:12-cv-112 |
| | ) | *Mattice/Lee* |
| | ) | |
| WAYNE ANDERSON, Sheriff | ) | |

**MEMORANDUM and ORDER**

Darryl Fauver, a prisoner in the Sullivan County Detention Center in Blountville, Tennessee, brings this handwritten, *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983, asserting that he has been subjected to unconstitutional confinement conditions at that facility. The sole named defendant is Sullivan County Sheriff Wayne Anderson.

**I. Filing Fee**

Plaintiff has also filed an application to proceed without prepayment of fees, but the document is not accompanied by the certified copy of his inmate trust account statement, as required by 28 U.S.C.§ 1915(a)(2). A notation on the certificate portion of the application indicates an officer refused to sign the statement "because it [is] a suit against the Jail."

In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Sixth Circuit instructed that inmates are not to be penalized due to the recalcitrance of prison officials and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id*. at 607-08. Despite the importance of the missing trust account statement, *id*. at 607 (calling the trust account the "key to the assessment procedure"), because plaintiff's efforts to obtain it from unnamed jail authorities have been unsuccessful and because he is not at fault for the omission, his case will advance in the typical fashion.

Thus, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint on March 23, 2012. 28 U.S.C.§ 1915(b)(1).

Thereafter, the account custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount

in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2). All payments shall be sent to the <u>Clerk, United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743</u>,

The Clerk is **DIRECTED** to mail copies of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and to Sheriff Wayne Anderson, who may wish to investigate plaintiff's allegation that an officer refused to sign plaintiff's certified trust account statement, so as to ascertain whether Detention Center employees are abiding by federal statutory filing requirements for prisoners.

## II. Plaintiff's Allegations

Plaintiff makes two claims. In the first of these, plaintiff maintains that the facility is overcrowded and that the inmate population at the facility is at an all time high, to the point where the number of inmates who sleep on the floor equals the number of inmates who have bunks in which to sleep. His second claim is that medical care is more difficult to obtain because of the overcrowding.

## III. Screening the Complaint

The complaint must now be screened and must be dismissed, if it is frivolous or malicious, fails to state a claim, or names defendants who enjoy immunity. 28 U.S.C. § 1915A and § 1915(e). The Court must accept the allegations as true, *Erickson v.*

*Pardus,* 551 U.S. 89, 94 (2007), and must hold this *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even so, the complaint may be dismissed for failure to state a claim if it contains mere "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007).

**A. Overcrowding**

The conditions and treatment to which a prisoner is subjected fall within the purview of the Eighth Amendment, *Helling v. McKinney*, 509 U.S. 25, 31 (1993), which is violated when prisoners are confined under conditions that unnecessarily and wantonly inflict pain upon them. *Wilson v. Seiter*, 401 U.S. 294, 297 (1991). Prison officials must provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To prevail on a conditions-of-confinement claim, an inmate must first show that he suffered an objective, sufficiently serious deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities). *Id.* at 834; *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("To move beyond the pleading stage . . . , an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'") (citation and internal quotation marks omitted). Because "routine discomfort is part of the penalty that criminal offenders

4

pay for their offenses against society," *Rhodes*, 452 U.S. at 347, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). The risk complained of must be considered by society "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36 (italics in original).

Next, the inmate must demonstrate that a prison official acted with the requisite intent of deliberate indifference. *Farmer*, 511 U.S. at 842; *Helling*, 509 U.S. at 32. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 82.

If overcrowded conditions cause an inmate to be denied the minimal civilized measure of life's basic needs, such as food, warmth, or exercise, this would transgress the Eighth Amendment. *Wilson*, 501 U.S. at 304. But, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

Plaintiff has not identified any single human need which he was denied due to over crowding. Granted, he complains that it is more difficult to obtain medical care because of the overcrowding, but he has not backed up this bald allegation with any facts from which the Court could infer that he was denied a basic need of life. Absent

5

a showing of an extreme deprivation of one of life's necessities, plaintiff fails to state a claim entitling him to relief under § 1983.

**B. Medical Care**

This claim is governed by *Estelle v. Gamble*, 429 U.S. 97 (1976), which holds that the Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. An Eighth Amendment claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Id*.

Neither element has been alleged here. Plaintiff has not described any medical condition, ailment, or malady from which he suffers and, thus, there are no facts asserted from which the Court could infer that he, indeed, had a serious medical need.

Of equal significance, plaintiff has not shown that defendant Sheriff acted with the requisite state of mind—one which evinces "deliberateness tantamount to intent to punish." *Miller v. Calhoun County,* 408 F.3d 803, 813 (2005) (citation omitted). This is so because plaintiff has failed to offer any facts to demonstrate that this defendant

6

was actually aware that plaintiff faced a substantial risk of injury. *Farmer*, 511 U.S. at 837 (finding deliberate indifference where prison official knows facts from which he could draw an inference of the existence of a substantial risk of harm and where he actually draws the inference).

Having failed to show either element of an *Estelle* claim, plaintiff has failed to establish any entitlement to relief.

## IV. Conclusion

For the reasons expressed above, this case will be **DISMISSED** for failure to state a claim.

A separate order will enter.


**ENTER**:

>   */s/Harry S. Mattice, Jr.*
>   HARRY S. MATTICE, JR.
>   UNITED STATES DISTRICT JUDGE